■ In the Matter of FELICIA V. KESSEL-CRAWLEY, Respondent, v JAMES HODGES, JR., Appellant. [880 NYS2d 500]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Thompson, S.M.), dated April 10, 2008, which, after a hearing, granted the petition and found that he had violated a prior order of support, (2) a money judgment of the same court also dated April 10, 2008, which is in favor of the mother and against him in the principal sum of $24,200, (3) an order of the same court (Edlitz, J.) dated April 28, 2008, which denied his objections to an order of the same court (Thompson, S.M.) dated January 11, 2008, which, inter alia, granted the application of nonparty Westchester County Office of Child Support Enforcement to quash certain subpoenas, (4) an amended order of the same court (Thompson, S.M.) dated May 2, 2008, (5) an amended money judgment of the same court, also dated May 2, 2008, which is in favor of the mother and against him in the principal sum of $27,200, and (6) an order of the same court (Klein, J.) dated September 22, 2008, which denied his objections to the order and the money judgment, both dated April 10, 2008, and the amended order and the amended money judgment, both dated May 2, 2008.

Ordered that the appeals from the order and the money judgment, both dated April 10, 2008, are dismissed, without costs or disbursements, as they were superseded by the amended order and the amended money judgment; and it is further,

Ordered that the appeal from the amended order dated May 2, 2008, is dismissed, without costs or disbursements, as the amended order was superseded by the order dated September 22, 2008; and it is further,

Ordered that the amended money judgment dated May 2, 2008, the order dated April 28, 2008, and the order dated September 22, 2008, are affirmed, without costs or disbursements.

The father contends that his obligation to pay child support pursuant to an order dated October 26, 1995, was suspended and never reinstated. Thus, he contends that he does not owe any child support arrears.

However, as the Family Court correctly determined, the father's child support obligation was suspended by a temporary custody order dated February 20, 1996, in effect, only pending resolution of the custody issue. The issue of custody was subsequently resolved by order dated May 6, 1996, which awarded custody of the child to the mother. Significantly, the May 6, 1996, order specifically provided that it superseded all interim orders, including the February 20, 1996, order, which had suspended the payment of child support. Thus, the February order suspending child support was discontinued and the father's child support obligation remained in effect. Accordingly, the Family Court properly determined that the mother was entitled to an award of child support arrears.

The Family Court providently exercised its discretion in quashing the subpoenas, as the information sought was not material and necessary to the action (see Mendelovitz v Cohen, 49 AD3d 612 [2008]). Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.